UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1569

| | |
|---|---|
| Jonathan Romano,<br><br>        Plaintiff,<br><br>v.<br><br>Citibank NA,<br><br>        Defendant. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, Jonathan Romano, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Jonathan Romano ("Plaintiff"), is an adult individual residing in Yonkers, New York, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. The Defendant, Citibank NA ("Citibank"), is a business entity with an address of 399 Park Avenue, New York, New York, 10043, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

5. In or around January 2014, Citibank began placing calls to Plaintiff's cellular telephone number at a rate of about five calls per day.

6. At all times mentioned herein, Citibank placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered a call from Citibank he heard a period of silence following which the call terminated.

8. Sometime thereafter Plaintiff's father called Citibank to inquire into the reason for such calls.

9. Citibank informed Plaintiff's father that it called Plaintiff in an attempt to reach "Macy Lamont."

10. Plaintiff does not know such person and such person cannot be reached at Plaintiff's cellular telephone number.

11. Plaintiff's father requested that the calls to Plaintiff's cellular telephone number cease.

12. Although Plaintiff has a prior business relationship with Citibank, he never provided his cellular telephone number to Citibank and never provided his consent to be contacted by Citibank at his cellular telephone number.

13. Regardless, Citibank placed automated calls to Plaintiff's cellular telephone number where it lacked Plaintiff's consent to do so.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227. et seq.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would terminate the call.

17. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Here, Defendant placed automatic telephone calls to Plaintiff's cellular telephone where it lacked consent to call his number.

19. The telephone number called by Citibank was assigned to a cellular telephone

3

service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Citibank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 3, 2014

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.

4

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1569

| | |
|---|---|
| Jonathan Romano, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| Citibank NA, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Jonathan Romano, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Jonathan Romano ("Plaintiff"), is an adult individual residing in Yonkers, New York, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. The Defendant, Citibank NA ("Citibank"), is a business entity with an address of 399 Park Avenue, New York, New York, 10043, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

5. In or around January 2014, Citibank began placing calls to Plaintiff's cellular telephone number at a rate of about five calls per day.

6. At all times mentioned herein, Citibank placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered a call from Citibank he heard a period of silence following which the call terminated.

8. Sometime thereafter Plaintiff's father called Citibank to inquire into the reason for such calls.

9. Citibank informed Plaintiff's father that it called Plaintiff in an attempt to reach "Macy Lamont."

10. Plaintiff does not know such person and such person cannot be reached at Plaintiff's cellular telephone number.

11. Plaintiff's father requested that the calls to Plaintiff's cellular telephone number cease.

12. Although Plaintiff has a prior business relationship with Citibank, he never provided his cellular telephone number to Citibank and never provided his consent to be contacted by Citibank at his cellular telephone number.

13. Regardless, Citibank placed automated calls to Plaintiff's cellular telephone number where it lacked Plaintiff's consent to do so.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..." *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would terminate the call.

17. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Here, Defendant placed automatic telephone calls to Plaintiff's cellular telephone where it lacked consent to call his number.

19. The telephone number called by Citibank was assigned to a cellular telephone

3

service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Citibank to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 3, 2014

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.

4

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff